UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMTRUST REO I, LLC,

                    Plaintiff,

          v.

CHUNG DONG, et al.,

                    Defendants.

CASE NO. C11-2073JLR

ORDER REMANDING CASE

       This matter comes before the court on its order to show cause why the court

should not remand this matter to King County Superior Court for lack of subject matter

jurisdiction (Dkt. # 5).  Having considered Plaintiff Amtrust Reo I, LLC's ("Amtrust")

complaint (Not. of Removal (Dkt. # 1) at 5-7), Defendants Chung Dong, Kimberly Dong,

and all occupants of the Premises located at 506 Southwest 333rd Street, Federal Way,

WA 98023's ("the Dong Defendants") notice of removal (Dkt. # 1) and response to the

court's show cause order (Dkt. # 6), and the relevant law, the court REMANDS this

action to King County Superior Court.

1        The Dong Defendants removed this action to this court contending that the court

2   has subject matter jurisdiction because they assert a "defense arising under the express

3   terms of a Federal statute."  (Not. of Removal at 2.)  Specifically, the Dong Defendants

4   assert that they are tenants protected from eviction under the terms of the Federal

5   Emergency Economic Stabilization Act.  (*Id.*)  The Dong Defendants admit, however,

6   that they "do not assert a private right of action under" the Emergency Economic

7   Stabilization Act.  (*Id.*)  Explaining that a "defense that raises a federal question is

8   inadequate to confer federal jurisdiction," *Merrell Dow Pharm., Inc. v. Thompson*, 478

9   U.S. 804, 808 (1986) (citation omitted), the court ordered the Dong Defendants to show

10  cause as to the court's subject matter jurisdiction.  (Order (Dkt. # 5).)  In their response,

11  the Dong Defendants failed to address the issue of subject matter jurisdiction.  (*See*

12  *generally* Resp. (Dkt. # 7).)  Instead, they stated only the following:

13              I am residing in a property that was illegally foreclosed.  While this
            is not the issue at hand, my eviction from the property is.  I was never
14          properly served and I was never properly notified.

15              It is my understanding that I am protected by Federal Law and that I
            am entitled to have this matter heard in District Court.
16
    (Resp. at 1-2.)
17
        Federal courts are courts of limited subject matter jurisdiction.  *See* Charles Alan
18
    Wright, Arthur R. Miller, *et al.*, 13 Federal Practice and Procedure § 3522 (3d ed.)
19
    (collecting cases).  The removal statute is strictly construed against removal jurisdiction,
20
    and a removing defendant bears the burden of establishing grounds for federal subject
21
    matter jurisdiction.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th
22

Cir. 2004).  In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.  *See* Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction); *see also* 28 U.S.C. §§ 1331, 1332.  If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).  It is well-established law that a "defense that raises a federal question is inadequate to confer federal jurisdiction."  *Thompson*, 478 U.S. at 808.

The Dong Defendants have not met their burden of establishing that the court has subject matter jurisdiction over this case.  Initially, the Dong Defendants asserted that subject matter jurisdiction exists solely because they have raised a federal defense in response to Amtrust's complaint.  (Not. of Removal at 2.)  After the court explained in its order to show cause that raising a federal defense was insufficient to provide the court with subject matter jurisdiction, the Dong Defendants argued only that they were not properly served or notified of the action against their property.  (Resp. at 1.)  Whether the Dong Defendants were properly served or notified is immaterial to court's determination of whether it has subject matter jurisdiction, as it does not relate to federal question jurisdiction or diversity jurisdiction.  Therefore, the court is left with the Dong Defendants' initial assertion that jurisdiction exists because they have raised a federal defense.  Such limited implication of federal law is insufficient to provide this court with jurisdiction.  *Thompson*, 478 U.S. at 808.

1  Accordingly, the court REMANDS this matter to King County Superior Court.

2  Dated this 23rd day of January, 2012.

3

4               _____

                 The Honorable James L. Robart

5                U.S.  District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER REMANDING CASE - 4